Lynn A. Neils (Admitted *Pro Hac Vice*)
lynn.neils@bakerbotts.com
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-2510
Facsimile: (212) 259-2510

Attorney for Entertainer and Manager

Joel C. Koury (State Bar No. 143856)
jckoury@aol.com
Law Offices of Joel C. Koury
3435 Ocean Park Blvd, Suite 107-50
Santa Monica, CA 90405
Telephone: (424) 248-8670
Facsimile: (855) 828-0871

Attorney for Entertainer and Manager

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BENJAMIN KOZIOL, <br><br> Defendant. | Case No.: CR 18-00022-CAS <br><br> **NOTICE OF MOTION TO QUASH OR MODIFY SUBPOENAS** <br><br> Hearing Date: May 29, 2018 <br> Hearing Time: 9:30 AM <br><br> Honorable Christina A. Snyder |

PLEASE TAKE NOTICE THAT the victims in this case, Entertainer and Manager, by and through their counsel of record, Lynn A. Neils, hereby move this Court, pursuant to Federal Rule of Criminal Procedure 17(c), for an order quashing or modifying the trial subpoena issued by the defense commanding that Lynn A. Neils testify and produce documents in connection with the upcoming May 29, 2018 trial before this Court (the "Trial Subpoena").

PLEASE TAKE FURTHER NOTICE THAT the Entertainer and Manager hereby move this Court for an order quashing or modifying the early return subpoenas issued by the defense pursuant to this Court's May 18, 2018 order

1

directing that the Manager and Entertainer and certain named attorneys testify and produce documents to the Court by May 23, 2018 (the "Early Return Subpoenas").

This motion is based upon the attached memorandum of points and authorities, the accompanying declaration of Lynn A. Neils, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 23, 2018

BAKER BOTTS L.L.P.

By     */s/Lynn A. Neils*

Attorney for Entertainer and Manager

Dated: May 23, 2018

LAW OFFICES OF JOEL C. KOURY

By     */s/Joel C. Koury*

Attorney for Entertainer and Manager

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH OR MODIFY SUBPOENAS

## I. Introduction

This motion concerns two sets of subpoenas: the Trial Court Subpoena and the Early Return Subpoenas (collectively, the "Subpoenas"). The Subpoenas—served on the Entertainer and Manager (collectively, the "Victims") and their attorneys on the eve of trial—should be quashed in their entirety or modified by the Court as unreasonable and oppressive under Federal Rule of Criminal Procedure 17(c) for several reasons.[1]

*First*, the Subpoenas seek testimony from the Victims' lawyers—Lynn A. Neils and Joseph Perry ("Counsel"). Such a demand is outrageous and should not be permitted by the Court. Counsel are not fact witnesses in this case; rather, Counsel have been retained to represent the interests of the victims and any testimony that the defense may attempt to elicit from them would be largely inadmissible, falling within the realm of privileged attorney-client communications. Moreover, the defense's request for Counsels' testimony is at odds with the rights afforded to victims under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"). Among those rights, codified by statute, is the right to seek the advice of an attorney in connection with any criminal proceeding against a defendant. *See id* § 3771(c)(2). When a defendant, on the eve of trial, issues a subpoena to a victim's attorney seeking testimony and other information regarding the attorney's representation of a victim, the victim's right to seek the advice of an attorney under the CVRA comes into jeopardy. This is the precisely what the defense has attempted to do here.

---

[1] To protect the privacy interests of the victims, this Court issued a Protective Order on March 1, 2018, directing that "[a]ll court filings in this matter shall redact the victims' full name entirely and replace references to the victims with either 'Entertainer' or 'Manager.'" Dkt. 21 at ¶ 4.

*Second*, the Subpoenas seek a broad array of largely extraneous, irrelevant documents, that, if introduced at trial, would not aid the jury in their factual resolution of this case. The Trial Subpoena, served upon Lynn A. Neils immediately following a May 16, 2018 pre-trial conference where she appeared to represent the interests of the victims, seeks four categories of documents: (1) copies of *all* electronic communications between Counsel and the U.S. Attorney's Office from October 1, 2017 through the present; (2) copies of all contractual agreements between Entertainer and Manager operative at any time between December 1, 2015 and January 19, 2018 (the "Contractual Agreements"); (3) copies of all retainer agreements between the Entertainer and certain named attorneys; and (4) copies of all retainer between the Manager and certain named attorneys (collectively the "Retainer Agreements"). The Early Return Subpoenas seek duplicate copies of the Contractual Agreements and the Retainer Agreements from the Entertainer and the Manager and several of their attorneys.

As to defendant's request for the Contractual Agreements and the Retainer Agreements, these documents are wholly irrelevant to the principal issue in this case, i.e. whether the defendant attempted to extort Entertainer. Moreover, the request for *all* the communications between Lynn A. Neils and the Government is entirely overbroad in that there is similarly no basis upon which the defendant could assert that such communications would lead to relevant evidence. It is the Entertainer and Manager's understanding that the Government has already provided the defense with certain communications between Counsel and the Government pursuant to the Government's discovery obligations. Any documents that the defense now seeks from Counsel beyond what has already been provided, absent a particularized showing as to the basis for such a request, amounts to an impermissible fishing expedition.

The Victims' motion to quash or modify the Subpoenas should accordingly be granted.

## II. The Criminal Offense

This case involves extortion. On January 19, 2018, a grand jury indicted defendant, charging him with one count of Attempted Extortion Affecting Interstate Commerce by Nonviolent Threat (18 U.S.C. § 1951(a)). Dkt. 6. The indictment alleges, and the Government's case will establish, that defendant attempted to extort the Entertainer by threatening to publish false allegations against him if he refused to pay defendant $1 million. Those false allegations include salacious assertions that the Entertainer assaulted defendant and that he sexually assaulted defendant's wife during a nude massage. But as the complaint filed in this matter indicates (Dkt. 1), the Entertainer has never met nor had any contact with either defendant or his wife. Rather, defendant's criminal conduct arises from a misguided attempt to link the Entertainer to a nude massage that his Manager actually received from defendant's wife and to attribute false conduct to the Entertainer following the nude massage that simply never occurred.

## III. Legal Standard

For a Rule 17 subpoena to be valid, it must comport with certain requirements set forth by the Supreme Court in *United States v. Nixon*. *See* 418 U.S. 683 (1974). There, the Supreme Court instructed that a party seeking a Rule 17(c) subpoena must show that: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Id.* at 699-700. Stated succinctly, the proponent of the subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700.

The Supreme Court recognized in *Nixon* that the intent of Rule 17(c) was not to provide general criminal discovery, but instead merely designed to set a time and a place for a party to review relevant, admissible evidence at trial. *See id.* at 698-99, *citing Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). This interpretation has been confirmed by subsequent decisions in the Ninth Circuit. *See, e.g., United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981) ("[A] Rule 17(c) subpoena is not intended to serve as a discovery tool … or to allow a blind fishing expedition of unknown evidence."); *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1994). Because the Subpoenas fails to comport with the requirements enunciated in *Nixon*, it must be quashed, or in the alternative modified, by the Court.

## IV. Application

### A. Counsels' Testimony Would Call for Inadmissible Privileged Communications

The request in the Subpoenas, seeking Counsels' testimony at trial should be quashed on the ground that such testimony calls for largely privileged communications between Counsel and their clients—the Victims of the defendant's extortionate scheme. Such a request fails to satisfy *Nixon's* admissibility prong.

Of course, the attorney-client privilege is one of the oldest recognized privileges for confidential communications. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888). The privilege is intended to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998). Where an attorney receives a subpoena, the attorney-client relationship is placed into jeopardy. *See, e.g., United States v. Punn*, 737 F.3d 1, 11 (2d Cir. 2013) (noting that subpoenas directed at attorneys "often present

potentially irreparable disclosures of privilege"); *United States v. Colorado Supreme Court*, 189 F.3d 1281, 1288 (10th Cir. 1999) (stating that "the attorney-client relationship is by general consensus of our profession worthy of protection, and the service of 'an attorney-subpoena may cause irreparable damage to the attorney-client relationship'").

Indeed, courts in the Ninth Circuit have recognized that a Rule 17(c) subpoena "should be quashed or modified if it calls for privileged matter." *United States v. Reyes*, 239 F.R.D. 591 (N.D. Cal 2006) (quoting 2 Federal Practice & Procedure § 275, at 258); *see also United v. Tomison*, 969 F. Supp. 587, 597 (E.D. Cal. 1997). Moreover, the Ninth Circuit has held privileged attorney-client communications are inadmissible at trial. *See Wade v. State Farm Mut. Auto. Ins. Co*, 203 Fed. Appx. 827, 828 (9th Cir. 2006) (district court properly determined that privileged attorney-client communications "would not be a permissible subject of trial testimony").

In light of this precedent, the defendants have no basis to assert that Counsels' testimony concerning their representation of the Victims would be admissible at trial. On this basis alone, the Court should determine that the defendant's request for Counsels' trial testimony fails the admissibility requirement under *Nixon*.

Moreover, the request, on its face, is outrageous and can only be construed as a ploy on the part of the defense to harass the Victims. Counsel are not fact witnesses in this case and can offer no relevant testimony at trial. Rather, Counsels' role is to represent the Victims' interest in this proceeding, an important role long recognized under the CVRA. *See* 18 U.S.C. § 3771. As the Victims in this case, the Entertainer and Manager are entitled to an attorney of their choice to represent their interests in this proceeding. The defendant's attempt to seek Counsels' testimony is a transparent attempt to circumscribe this role. The Court

should refuse to sanction such tactics and should quash the Subpoena for this reason as well.[2]

### B. The Request for All Communications Between Counsel and the Government is Entirely Overbroad

The document request in the Trial Subpoena calling for *all* electronic communications between Counsel and the U.S. Attorney's Office from October 1, 2017 through the present is likewise improper. The defendant has already received many of these documents directly from the Government, a party to this proceeding, pursuant to the Government's discovery obligations. There is simply no basis that the defendant can offer that would require Counsel to duplicate any efforts already made by the Government in supplying these communications to the defense. Nor can the defendant demonstrate why the request for any communications not yet disclosed—if any—should be directed at Counsel rather than the Government.

Furthermore, the request for *all* the communications between Counsel and the Government is completely overbroad and lacks the specificity required under *Nixon*. *See, e.g., United States v. Reed*, 726 F.2d 570, 576-77 (9th Cir. 1984) (subpoena properly quashed by district court where defendant requests "all" documents from investigative file rather than "specific documents"); *see also United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (party seeking documents cannot satisfy *Nixon* requirements unless he can "identify the item sought and what the item contains, among other things").

The Trial Subpoena seeking *all* communications between Counsel and Government also does not satisfy the *Nixon* relevancy prong. Under *Nixon*, a party seeking the production of documents under Rule 17 bears the burden of

---

[2] The defense's request for both Lynn A. Neils and Joseph Perry to testify—at the very minimum—should be limited to one attorney. Testimony from both lawyers would constitute cumulative testimony.

demonstrating that the documents sought are evidentiary and that the application is in good faith and not part of a "fishing expedition." *See also United States v. Layton*, 90 F.R.D. 514, 516 (N.D. Cal. 1981) ("The movant bears the burden of showing in what respect the documents sought are material to any issue in this case. A mere hope that the documents, if produced, may contain evidence favorable to the defendant's case will not suffice.").

Here, there is no basis for the defendant to assert that *all* communications between Counsel and the Government, for example, related to scheduling issues or concerns about the Victims' privacy interests are relevant to the factual issues to be resolved at trial. Indeed, a victim's counsel should be able to communicate freely with the Government without fear that *all* such communications would be later turned over to the defense. In that regard, the CVRA expressly contemplates situations where a victim would be represented by counsel in connection with a criminal prosecution. *See* 18 U.S.C. § 3771(c)(2) (requiring that "the prosecutors shall advise the crime victim that the crime victim can seek the advice of an attorney with respect to the rights described in" the CVRA). Because the CVRA specifically provides that a victim can seek the advice of an attorney, it naturally flows that communications between a victim's counsel and the Government would ensue. Requiring that *all* such communications between a victim's counsel and the Government be subsequently turned over to a defendant runs not only afoul of the *Nixon* relevancy test, but also would undermine the rights and protections afforded to victims under the CVRA.

The Trial Subpoena as to this request should therefore be quashed as an "unreasonable or oppressive" fishing expedition. Fed. R. Cr. Proc. 17(c).

C. The Contractual Agreements and the Retainer Agreements are not Relevant

Finally, the Contractual Agreements and the Retainer Agreements called for by the Subpoenas are not relevant to the factual issues to be resolved at

9

defendant's trial. The Contractual Agreements between the Entertainer and the Manager and the Retainer Agreements[3] between them and their attorneys—legal documents that would undoubtedly cause the jury confusion—have no bearing on the issue of whether the defendant attempted to extort Entertainer. Indeed, the Victims and Counsel are hard pressed to identify any plausible nexus between the documents sought by the defense and the alleged criminal conduct for which the defendant stands charged. The Subpoena, as to these requests, must therefore be quashed. *See United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981) (concluding that the trial court properly quashed subpoena where defendant "failed to make any showing of relevancy other than mere conclusory statements" that documents were evidentiary).

## V.    Conclusion

Based on the foregoing, the Entertainer and Manager respectfully request that the Court quash the Subpoenas in their entirety or, in the alternative, modify the Subpoenas pursuant to Federal Rule of Criminal Procedure 17(c).

Dated:  May 23, 2018

BAKER BOTTS L.L.P.

By     */s/Lynn A. Neils*

Attorney for Entertainer and Manager

Dated:  May 23, 2018

LAW OFFICES OF JOEL C. KOURY

By     */s/Joel C. Koury*

Attorney for Entertainer and Manager

---

[3] It should be noted that, under California State law (which differs from federal common law), engagement letters are considered confidential communications protected by the attorney-client privilege. *See* Business and Professions Code § 6149.