# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL     'O'

| Case No. | 2:18-cr-00022-CAS - 1 | Date | May 25, 2018 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Ann Kim, Not Present<br>Eddie Jauregui, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond. | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Benjamin Koziol | Not | X | | Christy O'Connor | X | X | |
| | | | | Waseem Salahi | X | X | |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S EX PARTE APPLICATION TO CONTINUE TRIAL (Dkt. 79, filed May 24, 2018)

On May 24, 2018, defendant filed an ex parte application to continue the trial from May 29, 2018 to June 5, 2018. Dkt. 79 ("Application"). On the same day, the government filed an opposition. Dkt. 80 ("Opp'n").

Defendant asserts that he has sustained a black eye that would prejudice him insofar as his significant facial injuries would "infect the jury's decision-making process," causing them to speculate that he had engaged in recent violence and causing them to infer that he is in custody. Application at 2. Defendant argues that his present injuries have particular significance insofar as a centerpiece of the government's case at trial will be a photograph of defendant with a black eye, and defendant's present appearance could cause jury confusion and speculation in relation to the government's key exhibit. Id. Accordingly, defendant requests the Court to continue the trial for one week. Id. at 3.

In opposition, the government contends that defendant's assertion regarding his appearance remains unverified, and thus the government is unable to provide a fully-informed position on defendant's request for a continuance. Opp'n at 1. The government requests that the Court hold a hearing on May 25, 2018, with defendant present, so that the Court and counsel can assess defendant's condition. Id.

  In addition, the government asserts that the Entertainer is unable to testify on June 5, 2018, and that key witness Kerry Garvis Wright has "other conflicts in June and July." <u>Id.</u> at 2. Specifically, the government contends that the first date on which both of these essential witnesses are available is July 24, 2018, and that until then, the Entertainer will be out of the country or state for previous contractual obligations, and both the Entertainer and Wright will be out of state on pre-paid vacations. <u>Id.</u> at 2–3. The government argues that good cause exists for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, due to essential witness unavailability and because the ends of justice served by the continuance outweigh the best interests of the public and defendant in a speedy trial. <u>Id.</u> at 3–4. The government asserts that requiring it to commence trial without the Entertainer and Wright would likely lead to a miscarriage of justice. <u>Id.</u> at 4–5. Accordingly, the government argues that trial should be continued to July 24, 2018, and requests that the Court find that because of essential witness unavailability and because the ends of justice will be served by continuing the trial date, the interim period of May 29, 2018 to July 24, 2018, inclusive, should be excluded in computing the time within which defendant's trial must commence. <u>Id.</u> at 6.

  On May 25, the Court held a hearing. The Court observed that it was not apparent that defendant's black eyes might suggest that he is in custody. Nevertheless, the Court stated that in light of the fact that the government intended to present photographs at trial of defendant with a black eye, his current physical condition could cause speculation by the jury as to the cause of his condition. The government acknowledged that defendant had black eyes, but did not believe that the condition would be obvious to a jury.

  In turn, the government reiterated that Entertainer, who is a material witness, was under contract, and that his appearance on June 5, 2018, as proposed by defense counsel, would require him to breach contracts. In addition, counsel for the government indicated that a second material witness, Kerry Garvis Wright, had travel plans that could not be changed without penalty.

  After discussing numerous alternative trial dates, and determining that the defendant was not prepared to waive time to July 24, 2018, the government's proposed continued trial date, the Court discussed alternative trial dates with counsel. The parties reached a tentative agreement that a jury would be empaneled on June 5, 2018, but that the trial would commence June 25, 2018. Counsel for the government requested that defendant agree to waive any claim that a continuance to June 5, 2018, the continued trial date proposed by defense counsel, violated his Speedy Trial Act rights. Defendant refused.

  Accordingly, even though the Court believes that the last day to commence trial is no earlier than June 11, 2018, based on the computation of Speedy Trial time and the pendency of defense motions, in an abundance of caution, the Court declines to continue the trial based upon

defendant's refusal to waive time to June 5, 2018. Based on the foregoing, the Court finds in the interests of justice that the public's and defendant's right to a speedy and public trial outweighs any possible prejudice that may occur, as a result of defendant's appearance at trial on May 29, 2018, with the remnants of black eyes. Defendant's ex parte application is hereby **DENIED**.

    IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | CMJ |