# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL    'O'

| Case No. | 2:18-cr-00022-CAS -1 | Date | May 31, 2018 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Ann Kim, Not Present<br>Eddie Jauregui, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorneys* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond. | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Benjamin Koziol | NOT | | X | Christy O'Connor | NOT | | X |
| | | | | Waseem Salahi | NOT | | X |

**Proceedings:**   (IN CHAMBERS) - MOTION TO LIMIT PRETRIAL DISCOVERY (Dkt. 59 filed May 21, 2018)

On January 19, 2018, a grand jury indicted defendant Benjamin Koziol ("defendant") on one count of attempted extortion affecting interstate commerce by nonviolent threat, in violation of 18 U.S.C. § 1951(a). Dkt. 6. Trial commenced on May 29, 2018.

During a status conference on May 18, 2018, defense counsel requested access to the unredacted phone records of the Entertainer and Manager (the "victims") from January 10–15, 2016 for the purpose of developing a defense theory pursuant to Federal Rule of Criminal Procedure 16. The Court expressed concern for the privacy of the individuals listed on the victims' phone records, and in response to the Court's concern, the government offered to contact all individuals with whom the victims communicated between January 10–15, inform them of defense counsel's request to speak with them, and provide defense counsel's contact information. The Court approved the government's proposed compromise and ordered the government to contact the individuals.

On May 23, 2018, the victims filed a motion to limit the Court's May 18 pretrial discovery order. Dkt. 59 ("Mot."). The victims argued that the May 18, 2018 discovery order is overbroad, unlikely to lead to relevant evidence, and would irreparably harm the victims' reputations and business interests in violation of their rights to protection from the accused and to privacy and dignity under the Crime Victim's Right Act ("CVRA"), 18 U.S.C. § 3771. Mot. at 5–6. The victims characterize defendant's request for this discovery as a fishing expedition and argue that the Court has an affirmative obligation under the CVRA to protect the rights of

the victims. Id. at 6. The victims proposed limiting the government's contact with individuals listed on the phone records to those calls in close temporal proximity to key events occurring on January 10 and 12, 2016. See dkt. 59-1, Declaration of Lynn A. Neils ("Neils Decl.") ¶ 13, Exs. B & C.

In response, the government asserted that while its offer to contact individuals on the victims' phone records was made in good faith and in an effort to protect the privacy of the victims in this case by preventing disclosure of their unredacted records, this offer was made without a full appreciation of the impact of the government's offer on the privacy and dignity interest of the victims. Resp. at 2. The government agreed with counsel for the vicitms' proposal for the Federal Bureau of Investigation ("FBI") to call those individuals described in Paragraph 13 of the Neils declaration and identified in Exhibits B and C. The government contended that this compromise properly balances the defense's need for the requested information with the victims' rights under the CVRA. Id. at 3–5.

Defendant asserted that the victims lack standing to object to pretrial discovery disputes. Opp'n at 4–6. However, the CVRA provides that a victim's rights under the statute "shall be asserted in the district court in which a defendant is being prosecuted." 18 U.S.C. § 3771(d)(3); see also United States v. Kovall, 857 F.3d 1060, 1065 (9th Cir. 2017) ("The CVRA provides mechanisms for enforcing a victim's rights under the Act. The government, the victim, or the victim's lawful representative may assert the victim's rights in the district court in which the defendant is being prosecuted."). Moreover, a victim's rights under the CVRA includes the right "to be treated with fairness and with respect for the victim's dignity and privacy." See 18 U.S.C. § 3771(a)(8). Accordingly, the Court concludes that the victims have standing to contest the Court's May 18 discovery order insofar as they assert that the order violates their rights to dignity and privacy as provided under the CVRA.

The Court held a hearing on this matter on May 29, 2018 and heard extensive argument from counsel for the victims, the government, and defendant. In order to balance the defendant's right to mount a defense at trial with the victims' privacy and dignitary interests under the CVRA, the Court disclosed generalized descriptions of the individuals listed on the phone records to the defense in camera without revealing names or any identifying information. Defense counsel proffered several reasons why certain individuals listed on the records may have material information and accordingly should be contacted by the FBI. Defense counsel separately requested contact information related to two calls to backpage.com advertisements on December 25, 2015. After reviewing the records in open session and hearing further argument, the parties agreed—without waiving any objections—that the FBI would contact four individuals listed on the phone records using an agreed-upon script. The United States

Attorney's Office further agreed to make calls to the two phone numbers associated with the backpage.com advertisements.

Based on the foregoing, the victims' motion to limit the Court's May 18 pretrial discovery order is **GRANTED** in part insofar as the Court limited the scope of the government's contact with individuals listed on the phone records, but is otherwise **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |