UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**   'O'

| Case No. | 2:18-cr-00022-CAS - 1 | Date | May 31, 2018 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Ann Kim, Not Present<br>Eddie Jauregui, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorneys* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond. | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Benjamin Koziol | NOT | X | | Christy O'Connor | NOT | X | |
| | | | | Waseem Salahi | NOT | X | |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CONVERSATION BETWEEN PATRICIA GLASER AND JORDAN SWEET KOZIOL (Dkt. 63, filed May 21, 2018)

On January 19, 2018, a grand jury indicted defendant Benjamin Koziol ("defendant") on one count of attempted extortion affecting interstate commerce by nonviolent threat, in violation of 18 U.S.C. § 1951(a). Dkt. 6. Trial commenced on May 29, 2018.

On May 21, 2018, defendant filed a motion in limine to exclude testimony concerning an out-of-court conversation between Patricia Glaser ("Glaser") and defendant's wife, Jordan Sweet Koziol ("Sweet"), on hearsay grounds. Dkt. 63 ("MIL"). The government filed a response on May 23, 2018. Dkt. 75 ("Resp.").

Defendant indicates that anticipated government witness Kerry Garvis Wright ("Wright") met with the Federal Bureau of Investigation in December 2017 and described contents of an alleged conversation between Sweet and Glaser to which Wright was a witness. MIL at 2. Defendant argues that the entirety of the Sweet–Glaser conversation constitutes inadmissible hearsay. Id. at 3. The government responds that it does not intend to elicit testimony from Wright regarding the substance of a July 7, 2017 call between Sweet, Glaser, and Wright. Resp. at 3. The government instead asserts that should Sweet testify at trial, it would seek to elicit testimony about what she discussed during her conversation with Glaser and Wright, as this testimony would not implicate hearsay. Id.

**CRIMINAL MINUTES – GENERAL**      **'O'**

    In light of the fact that Sweet has asserted her spousal testimonial privilege and Fifth Amendment right not to testify at trial, and given that the government does not intend to elicit testimony from Wright regarding Sweet's July 7, 2017 conversation, the Court **DENIES** defendant's motion to exclude testimony concerning Sweet's July 7, 2017 conversation as moot.

    IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | CMJ |