UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cr-00022-CAS | Date | June 1, 2018 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Ann Kim, Not Present<br>Eddie Jauregui Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder,*<br>*Tape No.* | *Assistant U.S. Attorneys* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond. | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Benjamin Koziol | NOT | | X | Christy O'Connor<br>Waseem Salahi | NOT<br>NOT | | X<br>X |

**Proceedings:**     (IN CHAMBERS) - VICTIMS' AND NON-PARTIES' MOTIONS TO QUASH OR MODIFY TRIAL AND EARLY RETURN SUBPOENAS (Dkts. 67, 72, filed May 23, 2018)

## I. INTRODUCTION & BACKGROUND

On January 19, 2018, a grand jury indicted defendant Benjamin Koziol on one count of attempted extortion affecting interstate commerce by nonviolent threat, in violation of 18 U.S.C. § 1951(a). Dkt. 6. Trial commenced on May 29, 2018.

On May 23, 2018, counsel for Andy Grammer (the "Entertainer") and Benjamin Singer (the "Manager") (collectively, the "victims") filed a motion to quash or modify defendant's May 16, 2018 trial subpoena and the Court-ordered May 18, 2018 early return subpoenas. Dkt. 67 ("Motion"). On the same day, non-parties Patricia L. Glaser and Kerry Garvis Wright filed a joinder to the motion to quash or modify the subpoenas. Dkt. 72 ("Joinder").

On May 25, 2018, the Court concluded that the trial subpoenas' request for wholesale production of all communications between the government and Lynn. A. Neils ("Niels") from October 1, 2017 to the present was overbroad and burdensome to the extent the government has already produced all material documents pursuant to its discovery obligations. Dkt. 85. With respect to the subpoenas' requests for certain retainer agreements and contractual agreements, the Court requested to hear oral argument as to why those agreements should not be produced. Id.

The Court held a hearing on May 29, 2018. Having carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.    DISCUSSION

Defendant's May 16 trial subpoena commands Neils, counsel for the victims, to testify at trial, and requests, in relevant part, "[c]opies of all contractual agreements between [Entertainer] and [Manager] operative at any time between December 1, 2015 and January 19, 2018; [c]opies of all retainer agreements between [Entertainer] and his counsel, including Lynn A. Neils, Kerry Garvis Wright, J. Reid Hunter, Joseph Perry, Patricia L. Glaser, and Gary Stiffelman, in connection to matters involving Jordan Sweet and Benjamin Koziol; and [c]opies of all retainer agreements between [Manager] and his counsel, including Lynn A. Neils, Kerry Garvis Wright, J. Reid Hunter, Joseph Perry, Patricia L. Glaser, and Gary Stiffelman, in connection to matters involving Jordan Sweet and Benjamin Koziol." See Dkt. 67–2. The early return subpoenas request the same documents and command Joseph Perry—also counsel for the victims—to testify at trial.

In their motion to quash, the victims argue that insofar as the subpoenas seek testimony from Neils and Perry, these individuals are victims' counsel and could only discuss "largely inadmissible" testimony falling within the realm of privileged attorney-client communications. Motion at 3, 7. The victims argue that defendant's request for counsels' testimony is at odds with the rights afforded to victims under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, given that victims have the right to seek the advice of an attorney in connection with any criminal proceeding against a defendant. Id. (citing 18 U.S.C. § 3771(c)(2)). The victims further assert that insofar as the subpoenas seek certain contractual agreements and retainer agreements, these documents are irrelevant to whether defendant attempted to extort the Entertainer and would consequently result in jury confusion. Id. at 4, 9–10. The victims also argue that under California state law, engagement letters are considered confidential communications protected by the attorney-client privilege. Id. at 10, n.3.

As an initial matter, with respect to the issue of whether the sought-after retainer agreements are privileged documents, the Court observes that a district court's analysis concerning the scope of attorney-client privilege in the adjudication of federal law is governed by federal common law. See United States v. Blackman, 72 F.3d 1418, 1423–24 (9th Cir. 1995) (noting that since the adoption of the Federal Rules of Evidence, "courts have uniformly held that federal common law of privilege, not state law applies.") (citations omitted). With respect to whether retainer agreements are communications protected by the attorney-client privilege, the Ninth Circuit has observed that "[a]s a general rule, client identity and the nature of the fee arrangement between attorney and client are not protected from disclosure by the attorney-client privilege," and has noted that limited exceptions to this rule exist where

disclosure of the client would likely lead to the client's indictment. <u>Id.</u> at 1424. In particular, the Ninth Circuit has "recognized that the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." <u>Clarke v. Am. Commerce Nat. Bank</u>, 974 F.2d 127, 129 (9th Cir. 1992). However, "correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege." <u>Id.</u>

Having reviewed the subpoenaed retainer agreements, which were provided in camera to the Court on May 23, 2018, and having considered defendant's proffer as to the materiality of the retainer agreements presented during an in camera session of the May 29 hearing, the Court concludes that the agreements have plausible relevance. At the May 29 hearing, the Court ordered the victims' counsel to provide defense counsel with redacted versions of the retainer agreements removing all information other than (1) the identities of the client and counsel and (2) the general scope of the representation.[1]

With respect to the subpoenaed contractual agreement between the Entertainer and Manager, which was also provided in camera to the Court on May 23, the Court has reviewed this agreement and concludes that it has plausible relevance with respect to defendant's proffer as set forth in his ex parte application, and insofar as it demonstrates that the Manager is financially interested in the Entertainer's continued success. Because counsel for the victims have not made a showing of prejudice to the victims' privacy interests with respect to the management agreement, and because counsel indicated at the May 29 hearing that they would comply with the subpoena and produce the agreement to defendant, the Court denies the motion to quash with respect to this agreement.

Last, with respect to the subpoenas compelling Neils and Perry to testify at trial, on May 29, 2018, the Court granted the motion to quash as to Perry, based on the fact that his testimony likely fell within the attorney-client privilege, and was in any event duplicative of Neils' testimony. The Court denied the motion to quash as to Neils, without prejudice to it being renewed during trial. Subsequently, the parties agreed that in lieu of Neils' testimony, they would stipulate to the admission of certain correspondence between Neils and defendant. As a consequence, the Court need not decide the proper scope of Neils' testimony. Based on the

---

[1] At the May 29 hearing, defense counsel also requested disclosure of the portion of the agreements concerning the amount of fees charged to the victims, and indicated that defense counsel would research whether defendant would be entitled to this unredacted fee information. Defense counsel did not raise the issue again, and accordingly, the Court need not address the issue here.

stipulation to admit correspondence in lieu of Neils' testimony, the motion is now **DENIED** as moot.

## III. CONCLUSION

In accordance with the foregoing, the Court **GRANTS in part** and **DENIES in part** the victims' and the non-parties' motions to quash or modify the subpoenas. The Court **GRANTS** the victims' request to modify the trial subpoena insofar as the request for all communications between the government and Lynn. A. Neils from October 1, 2017 to the present is overbroad and duplicative to the government's discovery obligations.

The Court **GRANTS** the motion to quash the trial subpoena compelling Joseph Perry to testify at trial, and **DENIES** as moot the motion to quash the trial subpoena compelling Lynn. A. Neils to testify at trial. The Court otherwise **DENIES** the victims' and the non-parties' requests to quash or modify the trial and early return subpoenas.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |