UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cr-00022-CAS | | Date | June 2, 2021 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Laura Elias | Catherine Ahn |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorneys* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Benjamin Koziol | NOT | X | | Gail Ivens | NOT | X | |

**Proceedings:** DEFENDANT'S MOTION FOR BOND PENDING APPEAL (Dkt. 214, filed April 23, 2021)

## I. INTRODUCTION & BACKGROUND

On January 19, 2018, a grand jury indicted defendant Benjamin Koziol on one count of attempted extortion affecting interstate commerce by nonviolent threat, in violation of the Hobbs Act, 18 U.S.C. § 1951(a). Dkt. 6. The government alleges that defendant attempted to extort money from Andy Grammer (the "Entertainer"), a popular entertainer, by threatening to sue him for $1 million based on false allegations that the Entertainer physically assaulted defendant and sexually assaulted defendant's wife, Jordan Sweet Koziol ("Sweet"), during a nude massage on January 10, 2016 in Playa Vista, California. The government alleges that it was the Entertainer's manager, Benjamin Singer (the "Manager"), not the Entertainer, who was at the Playa Vista address on January 10, 2016, and that neither Sweet nor defendant was assaulted. Id.; dkt. 73.

After a four-day trial that commenced on May 29, 2018, the jury convicted defendant of attempted extortion in violation of the Hobbs Act. Dkt. 114. Koziol subsequently filed a motion for judgment of acquittal, dkt. 117, which the Court denied, dkt 145 ("Order"). On January 22, 2019, the Court held a sentencing hearing and committed Koziol to the Bureau of Prisons for 70 months.[1] Dkt. 163. On January 24, 2019, Koziol appealed his conviction to the Ninth Circuit Court of Appeals. Dkt. 165.

---

[1] According to the Bureau of Prison's ("BOP")'s website, Koziol's current projected release date is April 3, 2022. Dkt. 216 at 2; see also https://www.bop.gov/inmateloc/ (Koziol, Benjamin, No. 80654-065) (last visited May 28, 2021). However, the defense notes that other recent communication between BOP and the Los Angeles Police Department indicates that

On April 8, 2019, defendant filed a motion for bond pending appeal. Dkt. 177. The Court denied the motion for bond on May 13, 2019, finding that Koziol failed to meet his burden of demonstrating substantial questions of law or fact that were likely to result in reversal or a new trial. Dkt. 203 at 5. The Court also found that Koziol's criminal history demonstrated that he was likely to pose a danger to the community if released, but observed that the risk would be "mitigated to the extent that [defendant] would remain in state custody pending the Ninth Circuit's decision on his appeal." Id. at 3.

On April 13, 2021, the Ninth Circuit issued an order affirming Koziol's conviction for attempted extortion in violation of the Hobbs Act. Dkt. 212. The Ninth Circuit held that "threats of sham litigation are [neither] categorically excluded from criminal liability for extortion under the Hobbs Act," nor "immunized by the Noerr-Pennington doctrine." Id. at 27. As such, the Ninth Circuit concluded that the Court "correctly denied Koziol's motion for acquittal." Id. at 28. Similarly, the Ninth Circuit concluded that the evidence presented at trial was "more than sufficient […] to support Koziol's conviction," and rejected Koziol's arguments that the Court erred in instructing the jury and that his conviction should be vacated based on evidentiary errors. Id. at 33, 41, 44.

However, the Ninth Circuit vacated Koziol's sentence and remanded to this Court for resentencing. Id. at 49. The Ninth Circuit concluded that the Court's failure "to apply Guidelines § 2X1.1, which provides offense guidelines for attempt, solicitation, and conspiracy when these offenses are not otherwise covered by a specific offense guideline," was in error. Id. at 46-48. The Ninth Circuit concluded that there was "at least a reasonable probability" that the Court would have imposed a three-level reduction in Koziol's offense level had it applied Guidelines § 2X1.1(b)(1), which provides that a defendant "is entitled to the [three-level] reduction, unless 'the remaining steps to be taken in the commission of a crime are so insubstantial that the commission of the substantive offense is inevitable." Id. at 47-48.

On April 15, 2021, the Ninth Circuit granted Koziol's unopposed motion for a 60-day extension of time to file a petition for rehearing or rehearing en banc, until June 28, 2021. Dkt. 213. Pursuant to Federal Rule of Appellate Procedure 41(b), the Ninth Circuit's mandate is stayed pending resolution of Koziol's petition for rehearing.

On April 23, 2021, Koziol filed the instant motion for bond pending appeal. Dkt. 214 ("Mot."). On May 15, 2021, the government filed an opposition. Dkt. 219 ("Opp'n"). Koziol filed a reply on May 19, 2021. Dkt. 220 ("Reply").

---

Koziol's "current release date is January 6, 2023" and disputes the accuracy of that later date. See dkt. 216 at 2, 8.

The Court held a hearing on June 2, 2021. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

For a defendant to obtain release on bond pending appeal, the Court must find:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). Section 3143(b)'s requirement that the appeal "is not for purpose of delay" is a separate requirement from the requirement that the appeal "raises a substantial question" likely to result in reversal or a new trial. See United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985) ("[U]nder the 1984 Bail Act a court must find the following to grant bail pending appeal: (1) that the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed."). According to the Ninth Circuit, "the word 'substantial' . . . defines the level of *merit* required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of *question that must be presented*." Id. at 1281 (emphasis in original). "[A] 'substantial question' is one that is 'fairly debatable,' or 'fairly doubtful.' 'In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous.'" Id. at 1283 (quoting United States v. Giancola, 754 F.2d 898, 901 (9th Cir. 1985)). "The burden is on [the defendant] to overcome the presumption that he should be detained while his appeal is pending." United States v. Kuburovich, No. 5:16-CR-00373-EJD-1, 2019 WL 6711702, at *1 (N.D. Cal. Oct. 9, 2019) (citing United States v. Montoya, 908 F.2d 450, 451 (9th Cir. 1990)).

## III. DISCUSSION

### A. Likelihood of Fleeing or Posing a Danger to the Safety of the Community

The government contends that defendant both poses a danger to the community if released from custody and has not met his burden to show by clear and convincing evidence that he is not a flight risk. Opp'n at 9-10. The government argues that Koziol poses a danger to the community due to his substantial criminal history, which includes driving under the influence, pimping and pandering, and violating a domestic abuse protection order. Opp'n at 8. Defendant was also convicted of deprivation of custodial rights and concealment of a minor when he picked up his three-year-old child from daycare and did not return his child to his mother for more than one month. Id.; see also Dkt. 203. The government notes that the Court concluded in its order denying Koziol's first motion for bond pending appeal that Koziol's criminal history demonstrated that he was likely to pose a danger to the community if released from custody, but found that risk "mitigated to the extent that [Koziol] would remain in state custody pending the Ninth Circuit's decision on his appeal." Opp'n at 8-9; see also dkt. 203 at 3.

In opposition to the instant motion, the government argues that Koziol's "criminal history remains the same" but the mitigating factor of state custody has been removed, because Koziol is no longer subject to a state detainer. Opp'n at 9. The government argues that Koziol's plan to reside with his sister if released on bond "does not provide the same level of assurance as incarceration," and that the risk is "compounded by the fact that defendant committed the instant offense after having been released on bond pending his state appeal." Id. In addition, the Government argues that Koziol will have "significant incentive to flee" because the Court may resentence him to the same 70-month term, and he has yet to serve his four-year state sentence. Id. at 10.

Koziol acknowledges the Court's prior determination that he is likely to pose a danger to the community, but explains that since the Court made that finding, Koziol has participated in additional BOP programing, including the BOP's Residential Drug Abuse Treatment ("RDAP") program. Mot. at 4. Koziol contends that the terms of his supervised release will also "ameliorate any potential danger to the community" and he has a stable release plan to reside with his sister and her family in Minnesota. Id. at 5. Likewise, Koziol argues that the risk that he will flee is "addressed by the procedural posture of this case." According to Koziol, that is because he "has nothing to flee from. If he is released from prison, he will have served his time" in connection

with this case,[2] id. at 4, and his state sentence "has been deemed served by the California Department of Corrections and Rehabilitation."  Reply at 2, exh. B.

Due to Koziol's criminal history, the Court again finds that Koziol is likely to pose a danger to the community if he is released from custody.  Koziol's lengthy criminal history—including his history of domestic abuse and concealing his child from his mother for more than a month—precludes "a finding by clear and convincing evidence that he is not a danger to others in the community."  United States v. Cooper, No. 214CR00228JADCWH, 2016 WL 8738039, at *2 (D. Nev. Aug. 5, 2016) (denying bail pending sentencing based in part on finding that defendant with "a string of arrests for domestic violence" could endanger the community").  Although the Court recognizes Koziol's participation in RDAP and other BOP rehabilitation programing, the Court finds that Koziol's participation in that BOP programing does not sufficiently establish that he would not endanger the  community if released.  Nor is the Court persuaded that the terms and conditions of Koziol's supervised release will sufficiently ameliorate his potential dangerousness, given the nature of his prior offense conduct and his commission of the instant offense while on bail pending his state court appeal.  See Reply at 2, exh. B; see also  United States v. Granados, No. CR 20-00019-CJC-2, 2020 WL 3871448, at *3 (C.D. Cal. July 9, 2020) (denying bond because defendant's history of ongoing criminal activity while under court supervision demonstrated potential dangerousness and flight risk).

Accordingly, the Court concludes that Koziol has failed to meet his burden of demonstrating that he will not pose a danger to the community or a flight risk if released on bail pending appeal.

### B. Substantial Questions

Guidelines § 2X1.1 provides for a three-level reduction in offense level for attempts not covered by another specific offense guideline, "unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control."  The Ninth Circuit has held that "unless the remaining steps to be taken in the commission of a crime are so insubstantial that the commission of the substantive offense is inevitable, barring an unforeseen occurrence that frustrates its completion, the conspirators are *not* about to complete the requisite acts and the defendant must be granted the three point reduction."  United States v. Martinez-Martinez, 156 F.3d 936, 939 (9th Cir. 1998).

---

[2] Koziol argues that if the Court "knows it would not be inclined to apply" the three-level reduction "the Court will likely deny this bail motion, mooting the issue" of the likelihood that Koziol will flee before re-sentencing.  Reply at 2, n. 1.

In support of the instant motion, Koziol argues that the Ninth Circuit's finding that the Court erred by failing to apply §2X1.1 and remand to this Court for resentencing establishes that Koziol's appeal raises a "substantial question of law or fact" that is "likely to result in […] a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." See Mot. at 4; 18 U.S.C. § 3143(b)(a)(B)(iv). According to Koziol, that is because "if this Court were to again choose a sentence at the low end of the applicable guidelines, [that] would result in a new sentence that would lead to Mr. Koziol's release from custody." Mot. at 4.

The Court finds Koziol's argument unavailing. A decision vacating a defendant's sentence and remanding for resentencing does not necessarily establish a "likelihood" that a district court will impose a different or shorter sentence at resentencing. See e.g. United States v. Geringer, 672 F. App'x 651, 653 (9th Cir. 2016)(Owens, J., concurring) (where defendant's sentence is vacated and remanded to the district court for resentencing, "the district court ultimately may impose the same sentence, restitution, and forfeiture so long as it provides a more robust explanation for how it calculated these amounts."). Here, there is no question—let alone a substantial question—that the Court must consider § 2X1.1 at resentencing. However, the Court must also consider whether Koziol has demonstrated a likelihood that application of the guideline will sufficiently reduce his sentence to a period that is less than time served plus the expected duration of the appeal process. See e.g United States v. Green, No. CR05-00208WHA, 2008 WL 3983842, at *2 (N.D. Cal. Aug. 20, 2008) (a Court considering bond pending appeal must determine "whether, if [the] substantial question were determined favorably to the defendant on appeal, that decision would likely result in a reversal, an order for a new sentence, or a reduced sentence (that is less than the total time already served plus the expected length of the appeal process)") (citing United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985) (bond pending appeal warranted where defendant has raised a substantial question regarding "a question of the type" that "will likely result in an order for a new trial").

Here, it is notable that the Ninth Circuit's order vacating Koziol's sentence expressed no opinion as to how the Court should interpret § 2X1.1 or whether the three-level reduction is appropriate in light of the facts of this case. See dkt. 212 at 46-48. To the contrary, the Ninth Circuit found only that there was a "reasonable probability that the district court would have imposed a three-level reduction" had it considered § 2X1.1. Id. at 48.

In connection with the instant motion, the parties substantively debate whether Koziol's offense conduct entitles him to the three-level reduction. Koziol argues that the three-level reduction available under § 2X1.1 should apply to his case because he "had taken only the initial step of making an initial demand" related to the threatened sham litigation, and there were "additional substantial steps that remained to complete the extortion offense," including negotiation of a settlement agreement, meeting and signing the agreement, and arranging for

payment of the settlement. Mot. at 5-6. In opposition, the government contends that the three-level reduction is inappropriate here, because by issuing his initial $1 million demand to the Entertainer, Koziol had "completed all the acts he believed necessary for successful completion" of the extortion offense. Opp'n at 13. Those arguments are best resolved based on a complete record at resentencing. Based on the information presently before the Court, while is *possible* that a three-level reduction under § 2X1.1 is appropriate, the Court finds that Koziol has not met his burden to demonstrate that he is likely to receive a lower sentence at resentencing based on the reduction.

In addition, even assuming *arguendo* that the three-level reduction is appropriate, Koziol also has not demonstrated that the Court is likely to again sentence him at the low end of the applicable guidelines range. Nor is the Court able to determine at this stage how the BOP would recalculate Koziol's projected release date if Koziol were to receive a new sentence applying the three-level reduction. As such, it is uncertain whether application of the three-level reduction is likely to reduce Koziol's sentence to "a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

Accordingly, Koziol has failed to meet his burden of demonstrating that his appeal raises a "substantial question of law or fact likely to result in […] a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(a)(B)(iv).

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Koziol's motion for bond pending appeal.

IT IS SO ORDERED.

|  | 00 : 09 |
|---|---|
| Initials of Deputy Clerk | CMJ |