TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
CATHERINE S. AHN (Cal. Bar No. 248286)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2424
     Facsimile: (213) 894-0141
     E-mail:    catherine.s.ahn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:18-cr-22-CAS |
|---|---|
| Plaintiff, | GOVERNMENT'S RESENTENCING POSITION |
| v. | Hearing date: November 8, 2021 |
| BENJAMIN KOZIOL, | Hearing time: 1:00 p.m. |
| Defendant. | Location:   Courtroom of the Hon. Christina A. Snyder |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Catherine S. Ahn, hereby files its position with respect to defendant Benjamin Koziol's resentencing.

//
//
//
//
//

The government's position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 18, 2021            Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

     /s/
CATHERINE S. AHN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Following defendant Benjamin Koziol's conviction in June 2018 for attempted extortion by wrongful use of fear in violation of the Hobbs Act, this Court sentenced defendant to 70 months' imprisonment. (CR 114, Redacted Jury Verdict; CR 162, Minutes of Sentencing Hearing; CR 163, Judgment and Commitment Order.)  The Ninth Circuit subsequently affirmed defendant's conviction in a lengthy opinion that further upheld this Court's application of U.S.S.G. § 2B3.3 and a fourteen-level offense level increase for defendant's $1,000,000 demand. United States v. Koziol, 993 F.3d 1160 (9th Cir. 2021).  The case was, however, remanded for resentencing as to defendant's newly-raised argument that the Court should have applied a three-level reduction for attempt pursuant to U.S.S.G. § 2X1.1(b)(1). Id. at 1185-86.  Notably, the Ninth Circuit did not opine as to whether defendant was entitled to a reduction; rather, the case was remanded to enable the Court make a finding as to the application of § 2X1.1(b)(1). Id.  The case is now before this Court for resentencing.  (CR 227.)

As further discussed below, there is no legal basis for a three-level reduction pursuant to § 2X1.1(b)(1) because the attempted extortion was complete when defendant made his threat to file a complaint, based on false evidence, asserting lurid claims of physical and sexual assault unless the victim paid $1,000,000.  The government respectfully recommends that this Court find that defendant is not entitled to such a reduction and re-impose its previous sentence of 70 months' imprisonment, based on defendant's Criminal History Category of IV and an offense level of 23.  Given

this conviction is based on a substantially different crime and conduct than defendant's state conviction for pimping and procurement for prostitution in People v. Koziol, Case no. BA448970 (Los Angeles County Superior Court), the government further recommends the Court again impose its sentence consecutive to any undischarged prison term imposed in the state case. The government further requests this Court impose three years of supervised release with the condition that defendant comply with the Second Amended General Order 20-04 (replacing previous General Order 18-10) and order defendant to pay the mandatory $100 special assessment.[1]

**II. BRIEF FACTUAL AND PROCEDURAL HISTORY**

The government previously summarized the relevant facts in its original sentencing position (CR 150) and opposition to defendant's motion for bond pending appeal (CR 219), and incorporates by reference the lengthier description of the underlying facts contained those filings, as well as the declarations and exhibits filed concurrently with its prior sentencing position. A brief summary is provided below.

In January 2016, a manager of a well-known entertainer ("Manager") sought and received an erotic massage from defendant's wife, J.S. (CR 157, Revised Presentence Report ("PSR") at ¶¶ 5-6; see also Koziol, 993 F.3d at 1165-67 (9th Cir. 2021) (providing a detailed description of the underlying facts).) The manager later

---

[1] The Court previously imposed a condition that defendant comply with General Order No. 18-10 and comply with the rules and regulations of the General Order 18-10. (CR 163, condition 1.) That General Order has been superseded by the Second Amended General Order 20-04, dated December 1, 2020.

The government contacted the U.S. Probation Office to determine if defendant had paid the $100 special assessment and, on October 18, 2021, the U.S. Probation Office confirmed he had not.

2

agreed to pay J.S. $225,000 in a confidential settlement after J.S.'s attorney threatened to expose the incident. (PSR ¶¶ 7-9.) Eight months after that settlement, in August 2016, defendant Koziol contacted the Manager about the January 2016 incident. (PSR ¶ 10; see also Koziol, 993 F.3d at 1165-66.) Attempts by the Manager's attorney to meet with defendant were unsuccessful; however, defendant claimed in a phone call with the Manager's attorney that defendant was present when J.S. met with the Manager and accused the Manager of verbally and physically assaulting defendant. (Id.) After the Manager's attorney informed defendant that she did not believe defendant's claims, defendant did not respond until December 2016. (Id.) In December 2016, another attorney for defendant sent a letter alleging, for the first time, that it was an entertainer represented by the Manager ("Entertainer") who had been present and that Entertainer had physically assaulted defendant during the January 2016 massage. (PSR ¶ 11-12; see also Koziol, 993 F.3d at 1166.) Defendant threatened legal action if the Entertainer failed to respond; however, when the Manager's attorney denounced the claims as a total fabrication, defendant again did not re-engage for a further ten months until October 2017 – approximately 21 months after the initial incident. (PSR ¶¶ 11-14; see also Koziol, 993 F.3d at 1166-67.)

In October 2017, defendant attempted to contact the Manager and was put into contact with an attorney representing the Entertainer. (Id.) In an email to Entertainer's attorney, defendant accused the Entertainer of, among other things, attempting to touch J.S. during the massage and punching defendant in the face. (Id.) Defendant further claimed he had a video of the Entertainer at the building on

3

the night of the incident, along with a photograph of defendant's injuries from the Entertainer's assault. (Id.)  This photograph was subsequently revealed to have been taken nearly a year after the January 2016 incident.  (PSR ¶ 14, fn. 1.)  Defendant specifically referenced California's two-year statute of limitations on personal injury cases in his email, which gave him less than three months to file his complaint.  (See CR 150 at 7-9 (citing Reporter's Transcript ("RT") 5/31/2018 P.M. 22:25-23:6).)  Defendant demanded "$1,000,000 in damages on or before Nov 1st 2017" or he would file a legal complaint with the court.  (Koziol, 993 F.3d at 1166-67.)  Defendant later agreed to a one-week extension but -- after refusing to speak to the Entertainer's attorney by phone -- demanded, by email, a $1,000,000 settlement that would "NOT BE RENEWED AFTER" November 7, 2017.  (PSR ¶¶ 11-14; see also Koziol, 993 F.3d at 1167.)  The Entertainer's attorney rejected defendant's $1,000,000 settlement demand and informed defendant that they would take legal action if defendant followed through on his threat to file a lawsuit. (Koziol, 993 F.3d at 1167.)  In response, Defendant asserted that he was not intimidated or deterred by legal action because he had no money and he now had "no option other than to move forward with a jury trial." (Id.)  Defendant then gave Entertainer one last chance to reconsider or counter his settlement offer as soon as possible.  (Id.)

No settlement was made and defendant never filed a lawsuit; however, in January 2018, defendant was indicted and arrested for attempted extortion in violation of 18 U.S.C. § 1951(a).  (PSR at 1 and ¶ 15.)  Defendant was convicted by a jury on June 1, 2018 and this Court sentenced defendant to 70 months' imprisonment on January 22, 2019.  The government did not seek, nor did the Court impose, any

4

restitution pursuant to a request by the victims. (CR 188 at 88:11-88:19.)

Defendant appealed his conviction and sentence to the Ninth Circuit and, on April 13, 2021, the Ninth Circuit issued its opinion affirming defendant's conviction and remanding the case for re-sentencing in order to enable this Court to make a finding as to the application of U.S.S.G. § 2X1.1(b)(1). Koziol, 993 F.3d at 1185-87. The Ninth Circuit remanded the case without opining on whether this Court would or should have applied a three-level reduction because, as a factual matter, the Court did not explicitly consider U.S.S.G. § 2X1.1 and therefore "[t]here is at least a reasonable probability the district court would have imposed a three-level reduction . . ." Id. at 1185-86. The Ninth Circuit also did not address defendant's argument that this Court failed to recognize its discretionary authority to impose a concurrent sentence because the case was remanded for resentencing. (Id. at 1184, 1186-87.)

Following the Ninth Circuit's ruling, defendant moved for reconsideration en banc and further moved this Court for bond pending appeal. This motion was predicated, in part, on the reduction in defendant's sentence if this Court found defendant's offense level should be reduced by three levels pursuant to U.S.S.G. 2X1.1(b)(1). (CR 214 and 220.) The government opposed, and victims' counsel further filed a memorandum arguing that defendant's repeated demands for payment support a finding that his extortionary threat was a completed crime. (See CR 219, Government Opposition to Bond Pending Appeal and CR 225, Victims' Memorandum Pursuant to the Crime Victims' Rights Act.) This Court denied defendant's motion for bond and the

Ninth Circuit subsequently remanded this case back to the Court for resentencing, currently set for November 8, 2021.[2] (CR 226-229.)

### III. DEFENDANT SHOULD BE RE-SENTENCED TO A TERM OF 70 MONTHS' IMPRISONMENT CONSECUTIVE TO HIS STATE COURT SENTENCE

#### A. Defendant is Not Entitled to a Three-Level Reduction for Attempt Pursuant to U.S.S.G. 2X1.1

As extensively briefed in its prior opposition to defendant's motion for bond pending appeal (CR 219 at 11-14), there is no question as to whether defendant is entitled to a three-offense-level reduction under U.S.S.G. § 2X1.1(b)(1). He is not. The Sentencing Guidelines state that "if an attempt, decrease [the offense level] by 3 levels, <u>unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense</u> or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control." U.S.S.G. § 2X1.1(b)(1) (emphasis added). In its background commentary to § 2X1.1, the Guidelines further state:

> In most prosecutions for conspiracies or attempts, the substantive offense was substantially completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement authorities or the victim. In such cases, <u>no reduction of the offense level is warranted</u>.
> (Emphasis added.)

The substantive offense at issue in this case is, precisely, defendant's threat to publicly disclose false allegations against the

---

[2] On September 21, 2021, the Court set a briefing schedule ordering the parties to file their positions no later than October 18, 2021. (CR 229.) However, on October 18, 2021, counsel for defendant asked the government for a continuance of the sentencing date to permit defendant to complete a Bureau of Prisons program. The parties have filed a stipulation seeking a new sentencing date of December 13, 2021. (CR 230.)

6

Entertainer unless the Entertainer paid him $1,000,000.  There were no further acts necessary to complete that threat.  By the time defendant was arrested in late October 2017, defendant had already sent Entertainer's attorney a detailed demand letter, with false evidence (the photograph of his purported injuries), to buttress his threat to go public unless defendant was paid.  This detailed demand letter, with defendant's knowingly baseless claim that the Entertainer had physically and sexually assaulted defendant and his wife, was more than enough to have its intended effect -- to trigger fear in the hopes of extracting an extortionate payment from the victim.  (See Koziol, 993 F.3d at 1177-79 (finding that defendant's changing story to accuse Entertainer instead of Manager demonstrates his knowledge that the claim against Entertainer was baseless); see also CR 225, Victims' Memorandum at 2-3 (describing repeated demands for money).)  Through these acts, defendant successfully completed his crime of conviction (attempted extortion affecting interstate commerce by nonviolent threat), and no further action was needed.  Under the plain language of the Guidelines and the baseline facts underlying defendant's conviction, defendant is not entitled to a three-level reduction.  The government respectfully recommends that the Court reject defendant's argument and again find a total offense level of 23, consistent with the U.S. Probation Office's calculation.  (PSR ¶¶ 27-37.)  This offense level, when combined with defendant's criminal history category of IV, yields an advisory guidelines range of 70 to 87 months' imprisonment.  (PSR ¶¶ 39-52, 75.)

7

**B. The Court Should Re-Impose a Seventy-Month Term of Imprisonment Consecutive to Defendant's State Court Sentence**

As recognized by this Court when it repeatedly denied defendant's motion for bond pending appeal, defendant has a lengthy, highly concerning criminal history. (CR 177, First Motion for Bond Pending Appeal at 6; CR 203, Minute Order at 3; CR 226, Minute Order at 5.) This includes its most recent order, which reaffirmed this Court's prior findings and noted that defendant's "lengthy criminal history" included his "history of domestic abuse and concealing his child from his mother for more than a month." (CR 226 at 5.) Defendant's most recent conviction was for pimping and procuring a victim for prostitution with his own wife, J.S., for which defendant was sentenced to four years' imprisonment. (PSR ¶ 49.) According to the PSR, the victim informed officers that defendant and J.S. forced her into prostitution after the victim responded to an online advertisement for a roommate. (Id.) Defendant's repeated refusal to abide by the dictates of the law and court order are revealed in his prior convictions, ranging from violating no contact orders (PSR ¶ 44), to obstructing legal process and interfering with a peace officer (PSR ¶ 46), to the criminal conduct in this case, which occurred while he was under supervision for his third conviction for driving while under the influence or impaired (PSR ¶¶ 42, 45, 48). A lengthy term of imprisonment is necessary to reflect his history and characteristics, promote respect for the law, afford adequate deterrence, and protect the public. See 18 U.S.C. § 3553(a).

This is further emphasized by the details of the instant offense. Defendant's disregard for the law is further evidenced by his attempted use of the law to extort a massive sum from the

8

Entertainer while knowing that his accusations were based on false evidence. Koziol, 993 F.3d at 1178-79. Defendant statements to this Court during his prior sentencing hearing reveal his lack of contrition or any acceptance of responsibility for the serious psychological and reputational harm his actions took on his victims. To the contrary, defendant's statements minimized and normalized lying and falsifying information to extort money for a settlement, essentially arguing that defendant had not lied about Entertainer assaulting defendant and his wife because they had lied earlier. Defendant described the settlement with the Manager as "a lawsuit almost guaranteed to settle fast and out of court," and that "most or at least a lot of people would" change the name of the person accused of something if "this was the only way the other party would agree to pay a large amount of money" to them. (CR 188, Sentencing Transcript at 35:16-36:02.) Defendant has never acknowledged the serious, real-world impact these extortionary threats have on his victims, to include serious financial repercussions as well as the Kafkaesque mental toll of defending oneself from baseless, and horrific, accusations of physical and sexual assault. (PSR ¶¶ 17-24; see also CR 225 at 4-5.) A lengthy sentence of 70 months' imprisonment is necessary when considering the nature and circumstances of the offense, to reflect its seriousness, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes of the defendant. 18 U.S.C. § 3553(a).

Finally, although this Court may impose a concurrent sentence, see 18 U.S.C. § 3584(a), the government recommends that the Court again order defendant's federal sentence to run consecutive to his undischarged state sentence for pimping and procuring a victim for

prostitution.  (PSR ¶ 49.)  This Court previously determined that a consecutive sentence was not appropriate, recognizing that the state and federal sentences were for two very different crimes.  (CR 188 at 10:10-10:15 and 21:4-21:10.)  Imposing the federal sentence to run concurrent to his state sentence would effectively subsume punishment for his state crime into his federal crime, and vice-versa.  Given the seriousness of the federal crime, a concurrent sentence would not adequately meet the sentencing factors of 18 U.S.C. § 3553(a) and the government urges this Court to again impose its sentence consecutive to defendant's state sentence.

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully recommends that this Court find defendant is not entitled to a three-level reduction in his offense level pursuant to 2X1.1(b)(1), and recommends that the Court re-impose its previous sentence of 70 months' imprisonment, to run consecutive to defendant's state sentence, along with three years of supervised release with conditions that reference the terms of Second Amended General Order 20-04.  The government further recommends that the Court order defendant to pay the mandatory $100 special assessment.  No restitution is being sought by the victims at this time.