Anthony M. Solis, SBN 198580
Anthony M. Solis, APLC
23679 Calabasas Road, Suite 412
Calabasas, CA 91302
213-489-5880
anthonysolislaw@gmail.com

Attorney for Defendant
Benjamin Koziol

United States District Court

Central District of California

Western Division

| | |
|---|---|
| United States of America, | Case No.: 18-cr-00022-CAS |
| Plaintiff, | |
| v. | Defendant's Re-Sentencing Position |
| Benjamin Koziol, | Sentencing Dec. 13, 2021 |
| Defendant. | |

Comes now the defendant, by and through his counsel of record, Anthony M. Solis, and submits his position regarding re-sentencing.

Respectfully submitted,

Dated: December 2, 2021          Anthony M. Solis, A Prof. Law Corp.


*Anthony M. Solis /s/*
By: Anthony M. Solis
Attorney for Defendant
Benjamin Koziol

---

Defendant's Position re Resentencing

**Memorandum of Points and Authorities**

Introduction

Benjamin Koziol comes before the Court for re-sentencing after an initial sentencing and an appeal wherein the 9th Circuit remanded this matter for the Court to determine: (a) whether the Court should have applied US Sentencing Guidelines § 2X1.1(b)(1), and; (b) whether, should the section apply, the defendant's sentence should be reduced from the 70 month sentence initially imposed.

The Court should clearly apply section 2X1.1(b)(1) and should, in turn, reduce his sentence correspondingly to 51 months in custody, followed by a three (3) year period of supervised release.[1] The represents the low end of the resulting guideline range after the Court applies the aforementioned guideline adjustment. The resulting sentence is sufficient, but not greater than necessary to achieve the goals of sentencing.

**A. The Offense Conduct**

The Court sat through the trial and participated in the underlying sentencing. The facts of the offense conduct are familiar to the Court. However, it is important to highlight the relevant facts that implicate USSG section 2X1.1(b)(1). The defendant was convicted of attempted extortion affecting interstate commerce by non-violent threat. PSR p. 1.[2]

As the Court is aware, this matter arose after the defendant was alleged to have made a demand to resolve a claim he asserted against a well-known entertainer. After first engaging an attorney to assist with pursuing his claims, Mr. Koziol later pursued his claims without counsel. PSR ¶ 11. In the demand letter sent on October 16 and 17,

---

[1] The Court should know that, at present, Mr. Koziol has been released to a halfway house and while still in the custody of the Bureau of Prisons, is no longer in a prison facility.

[2] This refers to the Revised PSR dated 1/11/19, Dkt. 157. There has been no subsequent revision.

2017, Koziol claimed that he was present when the massage took place, that it was the entertainer that was present, and that the entertainer struck and cursed Koziol, causing injury. PSR ¶ 13. Koziol's demand for payment requested $1m for his claims or he would file a civil complaint in court, the implication being that the complaint would be public and Koziol's claims would be a matter of public record, potentially harming the entertainer's reputation. PSR ¶ 14. When the $1m figure was rejected, no counter offer was made and representatives for the entertainer attempted to schedule a meeting to discuss the matter, but Koziol declined to meet. Koziol's last demand was on November 27, 2017. No further negotiations were had. No payment was made. No complaint was ever filed or even drafted. PSR ¶ 15. A criminal complaint was filed on January 5, 2018 against Mr. Koziol and Mr. Koziol was arrested shortly thereafter. See Dkt. ## 1, 13.

**B. The Defendant is Entitled to the Reduction for USSG § 2X1.1.**

In its opinion following Mr. Koziol's appeal in this matter, the Ninth Circuit found that the failure to consider the application of USSG § 2X1.1(b)(1) was plain error. This section, which covers attempts, provides as follows:

> If an attempt, decrease by **3** levels, unless the defendant completed all the acts defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for the apprehension or interruption by some similar event beyond the defendant's control.

*Id.* (emphasis in original).

The guidelines commentary recognizes that:

> In most prosecutions for conspiracies or attempts, the substantive offense was substantially completed or was interrupted or prevented on the verge of completion by the

> intercession of law enforcement authorities or the victim. In such cases, no reduction of the offense level is warranted. Sometimes, however, the arrest occurs well before the defendant. . . has completed the acts necessary for the substantive offense. Under such circumstances, a reduction of 3 levels is provided under § 2X1.1(b)(1) or (2).

*Id. See also United States v. Martinez-Martinez,* 156 F.3d 936, 939 (9th Cir. 1998). In *Martinez-Martinez,* the Ninth Circuit held that "unless the remaining steps to be taken in the commission of a crime are so insubstantial that the commission of the substantive offense is inevitable, barring an unforeseen occurrence that frustrates its completion, the conspirators are *not* about the complete the requisite acts and the defendant must be granted the three point reduction. *Id.* (emphasis in original).

The analysis of the application of this guidelines section compels its application in Mr. Koziol's case. The essence of Mr. Koziol's offense—as alleged by the government in the Indictment– is that the attempted extortion was to be done by way of filing a complaint in a public forum, ostensibly Los Angeles Superior Court. *See* Indictment. Dkt. 6.[3] At the outset of Mr. Koziol's claims–when he was represented by an attorney–there was no complaint drafted or presented. It was merely a demand letter.

After those attempts went nowhere, the matter went dormant for about 10 months. Then Koziol, representing himself, continued with this claims. Still there was no lawsuit presented or even drafted. The defendant asserts that, in order to commit an attempted extortion by threatening to file a public complaint in court, several steps would have to be taken in order to complete the crime. First and foremost, in order to commit extortion by threatening to file a public complaint, a complaint–a legally

---

[3] The Indictment specifically refers to the offense conduct as attempting to extort the entertainer by threatening the filing of a public lawsuit containing allegedly false accusations.

cognizable complaint–would need to have been drafted and/or presented to counsel. Otherwise, the threat is mostly puffery. The *Martinez-Martinez* case required remaining steps to be "so insubstantial that the commission of the substantive offense is inevitable." The interposition of a legally cognizable complaint, particularly when the claimant is a lay person representing himself, is hardly a insubstantial component of extortion via lawsuit.

In short, significant steps remained to be completed in the crime. In addition, since the last communication by Mr. Koziol on November 27, 2017, it was over five (5) weeks before Mr. Koziol was charged in the criminal case, indicating that the completion of the extortionate threat by way of filing a complaint was far from complete.

### C. Mr. Koziol Should get the Benefit of the Guideline Reduction.

Were the Court to apply the three (3) level reduction in the guidelines, the resulting guidelines range would be 51-63 months in custody. The Court should impose the low end of that Guidelines range, just has it had applied to low end of the Guidelines range when that range was 70-87 months.

In this matter, the guidelines fully embrace the offense conduct. Mr. Koziol is in criminal history category IV and his prior criminal history is fully accounted for in this calculation. With regard to the offense level, it also fully accounts for his conduct. There is nothing exceptional about his conduct in this matter. He was convicted of an attempted extortion by non-violent threat. Were he to be sentenced to 51 months in custody, such a sentence would fulfill all the goals of sentencing. A sentence of more than 4 years for his conduct is sufficient.

### 1. Mr. Koziol has Rehabilitated Significantly.

It has been nearly four years since his arrest in this matter. Mr. Koziol remained in custody for the pendency of the case. He has not seen his wife in years. He has never met his daughter, Alice Rose Donovan, born six months after his arrest. PSR ¶ 61.

Nevertheless, Mr. Koziol has used his time in custody positively. Recognizing that substance abuse played a part in much of his criminal history, including the present offense, Mr. Koziol has made great strides to address his substance abuse issue. The PSR recognized that Mr. Koziol has never before participated in drug treatment, despite starting to use alcohol and marijuana at a young age before graduating to harder drugs. PSR ¶¶ 66-67. While in BOP custody, Mr. Koziol completed **both** the Non-residential Drug and Alcohol Treatment Program (NRDAP) and the residential portion of the Residential Drug Treatment Program (RDAP). He also completed a separate 12-hour Drug Abuse Education course. He now participates in the community-based component of the treatment program. (See attached certificates.

In addition, in anticipation of reuniting with his children and resuming his responsibilities as a parent, Mr. Koziol has completed a 30 hour course entitled "National Parenting Program Phase I & II" as well as a parenting finance course entitled "Money Smart for Older Adults."

In short, Mr. Koziol has made good use of his time while in custody. Now that he is out of custody and in a half-way house, he is looking forward to reuniting with his family and rebuilding his life. These efforts at post-offense rehabilitation should be considered by the Court in fashioning Mr. Koziol's sentence.[4]

### 2. Mr. Koziol has Completed the Custodial Portion of His Sentence.

As the Court will learn, Mr. Koziol has completed the entire custodial portion of his sentence, which began with his arrest in January 2018. He was continuously incarcerated since then. He is now in a halfway house and will soon be fully released

---

[4] When a defendant's sentence has been set aside on appeal, a district court at re-sentencing may consider evidence of the defendant's post-sentencing rehabilitation which, in appropriate cases, may support a downward variance from the advisory guideline range. *United States v. Pepper*, 562 U.S. 476, 491 (2011).

into the community on supervision. Far from a "he's suffered enough" argument, the Court must recognize that the defendant is in significantly different position than he was when he stood before the Court over three years ago for sentencing. He has now fully completed the sentence rendered by the Court. He has been fully punished and has had time to reflect on his crimes. Rather than commit new offenses in custody or suffer discipline in the BOP, he has consistently prepared for his release by addressing a major contributing factor to his criminal history, namely substance abuse. In addition, he has tried to prepare for reuniting with his family and assuming the responsibilities of a citizen and parent. This is a starkly different person than the Court sentenced in December of 2018. Since the goals of sentencing include communicating the seriousness of the offense, general and specific deterrence and mere punishment, each of those goals have been fully communicated already.  A 51-month sentence will not dilute the fact that those goals have already been satisfied.

### 3. The Issue of a Sentence Concurrent or Consecutive to his State Sentence is Moot.

The government has advocated for whatever sentence Mr. Koziol receives from this Court be run consecutively to the state sentence imposed in LA Superior Court case no. BA448970. See Govt Memo p. 8 *ff.*  However, upon information and belief, Mr. Koziol's state sentence has been fully discharged and there is no sentence to which any federal sentence would concurrent.[5] Therefore, either the Court should order the Probation Office to verify this information for the Court, or the judgment should be silent on the issue of a concurrent state sentence.

### Conclusion

For the foregoing reasons, it is respectfully requested that the Court apply

---

[5] *See also* the Declaration of Gail Ivens in conjunction with the motion for bail. pending appeal. Dkt. 214 and the supporting documentation, Dkt. 216. These documents indicate there is no detainer and Mr. Koziol's sentence in the state is discharged.

USSG § 2X1.1(b)(1) and lower resulting guidelines range to 51-63 months in custody and thereafter sentence Mr. Koziol to the low end of that range followed by a three year period of supervised release.

                               Respectfully submitted,

Dated: December 2, 2021         Anthony M. Solis, A Prof. Law Corp.

*Anthony M. Solis /s/*
By: Anthony M. Solis
Attorney for Defendant
Benjamin Koziol

---

Defendant's Position re Resentencing

8